**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**
(State)

Case number *(if known)*: _____ Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | Wawona Packing Co. LLC |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Prima Wawona & Gerawan Farming Partners LLC |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 7 7 – 0 5 2 7 6 3 7 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 7700 N. Palm Avenue | |
| Number  Street | Number  Street |
| Suite 206 | |
| | P.O. Box |
| Fresno  CA  93711 | |
| City  State  Zip Code | City  State  Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| Fresno County | |
| County | Number  Street |
| | |
| | City  State  Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://prima.com/ |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Wawona Packing Co. LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**1113 (Fruit and Tree Nut Farming)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.

| | District | | When | MM/DD/YYYY | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | MM/DD/YYYY | Case number | |

| Debtor | **Wawona Packing Co. LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|
| District | **District of Delaware** | | |
| | | When | **10/13/2023** |
| Case number, if known | | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number          Street

_____
City                                    State        Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☒ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

| Debtor | **Wawona Packing Co. LLC** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☒ | $500,000,001-$1 billion |
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

| | | | | | | |
|---|---|---|---|---|---|---|
| **16. Estimated liabilities (on a consolidated basis)** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☒ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **10/13/2023**
                        MM/ DD / YYYY

✗   **_/s/ John Boken_**                                      **John Boken**
     Signature of authorized representative of debtor           Printed name

Title    **Chief Executive Officer**

| | |
|---|---|
| **18. Signature of attorney** | ✗   **_/s/ Joseph Barry_**                Date    **10/13/2023**
     Signature of attorney for debtor                                MM/DD/YYYY |

**Joseph Barry**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 North King Street**
Number                              Street

**Wilmington**                                          **Delaware**        **19801**
City                                                            State              ZIP Code

**(302) 571-6600**                                    jbarry@ycst.com
Contact phone                                          Email address

**4221**                                                    **Delaware**
Bar number                                              State

Official Form 201                    Voluntary Petition for Non-Individuals Filing for Bankruptcy                    page 4

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**

(State)

Case number *(if known)*: _____    Chapter    11

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of MVK FarmCo LLC.

- **MVK FarmCo LLC**
- **MVK Intermediate Holdings LLC**
- **Gerawan Farming LLC**
- **Gerawan Supply, Inc.**
- **Gerawan Farming Partners LLC**
- **Gerawan Farming Services LLC**
- **Wawona Farm Co. LLC**
- **Wawona Packing Co. LLC**
- **GFP LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WAWONA PACKING CO. LLC, | ) | Case No. 23-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| MVK Intermediate Holdings LLC | 7700 N. Palm Avenue, Suite 206, Fresno, CA 93711 | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WAWONA PACKING CO. LLC, | ) | Case No. 23-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| MVK Intermediate Holdings LLC | 100% |

**Fill in this information to identify the case:**

Debtor name _____ MVK FarmCo LLC, et al. _____

United States Bankruptcy Court for the: District of Delaware

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **MCKINSEY & COMPANY, INC** PO BOX 7247-7255 PHILADELPHIA, PA 19170-7255 | P: 314 529-8780 F: lauren_oliver@mckinsey.com | TRADE PAYABLE | | | | **$8,040,000.00** |
| 2 | **GEORGIA- PACIFIC FINANCIAL MGMT LLC** PO BOX 743348 LOS ANGELES, CA 90074-3348 | P: 569-647-5614 F: jmantoni@gapac.com | TRADE PAYABLE | | | | **$3,919,345.34** |
| 3 | **BRIFO LAND LLC** AG PARTNERS 2679 WEST MAIN ST STE300-346 LITTLETON, CO 80120 | P: 303-408-7411 F: KATIE@AGPARTNERS.CAPITAL | LANDLORD | | | | **$2,674,010.59** |
| 4 | **VERITIV OPERATING COMPANY** PO BOX 57006 LOS ANGELES, CA 90074-7006 | P: 559-307-5819 F: brett.karraker@veritivcorp.com | TRADE PAYABLE | | | | **$1,360,883.34** |
| 5 | **IFCO SYSTEMS NA** PO BOX 846041 DALLAS, TX 75284-6041 | P: 559-400-7998 F: rpcorders@ifco.com | TRADE PAYABLE | | | | **$536,831.52** |
| 6 | **CAIN TRUCKING, INC** 23004 ROAD 140 TULARE, CA 93274 | P: 559-686-5707 F: laura@caintrucking.com | TRADE PAYABLE | | | | **$535,670.40** |
| 7 | **NUTRIEN AG SOLUTIONS, INC** 3173 S CHESTNUT FRESNO, CA 93725 | P: 559-233-0585 F: rita.canales@nutrien.com | TRADE PAYABLE | | | | **$520,120.19** |
| 8 | **QUICKBASE INC** P.O. BOX 734227 CHICAGO, IL 60673-4227 | P: 855-725-2293 F: accountsreceivable@quickbase.com | TRADE PAYABLE | | | | **$266,946.00** |

Debtor Name        MVK FarmCo LLC, et al.            Case Number _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 TRISTAR RISK MANAGEMENT 100 OCEANGATE, STE 840 LONG BEACH, CA 90802 | P: 562-495-6600 F: jessica.herrera@tristargroup.net | TRADE PAYABLE | | | | $259,304.62 |
| 10 LIEBELT, INC. 492 S. WILLOW GLEN DR REEDLEY, CA 93654 | P: 559-638-3771 F: myronliebelt@gmail.com | TRADE PAYABLE | | | | $238,416.00 |
| 11 SEACA PACKAGING 23400 71ST PLACE SOUTH KENT, WA 98032 | P: 253-854-9700 F: ar@seattlebox.com | TRADE PAYABLE | | | | $186,131.17 |
| 12 TJ & SONS AG SERVICES PO BOX 797 KINGSBURG, CA 93631 | P: 559-260-0703 F: | TRADE PAYABLE | | | | $158,213.80 |
| 13 CROMER MATERIAL HANDLING PO BOX 14338 OAKLAND, CA 94614-2388 | P: 510-534-6566 F: dromero@cromer.com | TRADE PAYABLE | | | | $155,743.95 |
| 14 KINGSBURG ORCHARDS PO BOX 38 KINGSBURG, CA 93631 | P: 559-897-5132 F: receptionist@kingsburgorchards.com | TRADE PAYABLE | | | | $155,040.00 |
| 15 MID VALLEY PACKAGING & SUPPLY PO BOX 96 FOWLER, CA 93625 | P: 559-834-5956 F: erikc@mvpsuplly.com | TRADE PAYABLE | | | | $140,975.63 |
| 16 SINCLAIR SYSTEMS INTERNATIONAL, LLC PO BOX 35143 #40039 SEATTLE, WA 98124-5143 | P: 559-233-4501 F: sincalirinfo@sinclair-intl.com | TRADE PAYABLE | | | | $122,333.72 |
| 17 DEWEY & SONS, INC. PO BOX 938 RIVERDALE, CA 9365 | P: 559-867-3892 F: deweytrucking@yahoo.com | TRADE PAYABLE | | | | $114,125.02 |
| 18 VERDEGAAL BROTHERS INC. 13555 S. 11TH STREET HANFORD, CA 93230 | P: 559-582-9205 F: office@verdegallbrothers.com | TRADE PAYABLE | | | | $111,952.25 |
| 19 HELENA AGRI-ENTERPRISES LLC PO BOX 305 KERMAN, CA 93630 | P: 901-761-0050 F: chaveze@helenaagri.com | TRADE PAYABLE | | | | $109,847.25 |
| 20 GAR BENNETT LLC PO BOX 31001-3026 PASADENA, CA 91110-3026 | P: 559-904-7739 F: cwhitehead@garbennett.com | TRADE PAYABLE | | | | $93,381.43 |

Debtor Name     MVK FarmCo LLC, et al.          Case Number _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 **MOTEL 6/STUDIO 6** PO BOX 846175 DALLAS, TX 75284-6175 | P: 800-899-9841 F: online@motel6.com | TRADE PAYABLE | | | | $89,431.65 |
| 22 **PACE INTERNATIONAL LLC** PO BOX 894948 LOS ANGELES, CA 90189-4948 | P: 925-357-6730 F: junelle.byrd@paceint.com | TRADE PAYABLE | | | | $71,451.60 |
| 23 **MAXCO SUPPLY INC** PO BOX 814 PARLIER, CA 93648 | P: 559-646-6700 F: eden.codde@maxcopackaging.com | TRADE PAYABLE | | | | $70,200.00 |
| 24 **KMV FARM LABOR INC** 2446 MCCALL AVE SUITE 101 SELMA, CA 93662 | P: 559-318-9153 F: 559-318-9460 | TRADE PAYABLE | | | | $51,717.66 |
| 25 **TD CONTRACTING** 968 SIERRA ST. #388 KINGSBURG, CA 93631 | P: 559-591-6308 F: aimee@td-contracting.com | TRADE PAYABLE | | | | $48,757.45 |
| 26 **MAS CONTRACTING INC** 1158 11TH ST REEDLEY, CA 93654 | P: 559-743-5639 F: mascontracting@gmail.com | TRADE PAYABLE | | | | $48,050.00 |
| 27 **CAL-TEX TRANSPORTATION LLC** 515 W SCHOOL AVE VISALIA, CA 93291 | P: 559-625-5204 F: accounting@caltextrans.net | TRADE PAYABLE | | | | $46,600.00 |
| 28 **ALLEN LUND COMPANY, INC.** PO BOX 51083 LOS ANGELES, CA 90051-5383 | P: 800-288-5863 F: lindsay.newton@allenlund.com | TRADE PAYABLE | | | | $44,111.50 |
| 29 **FOX SOLUTIONS INC** 2200 FOX DRIVE McALLEN, TX 78504 | P: 956-682-6176 F: 956-682-5768 info@foxbag.com | TRADE PAYABLE | | | | $42,662.00 |
| 30 **CHEP USA** FILE 749003 LOS ANGELES, CA 90074-9003 | P: 916-642-3743 F: zachary.howe@chep.com | TRADE PAYABLE | | | | $42,490.47 |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **Wawona Packing Co. LLC** |
| United States Bankruptcy Court for the: | **District of Delaware** |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| | | | |
|---|---|---|---|
| Executed on | __10/13/2023__ | ☒ | _/s/ John Boken_ |
| | MM/ DD/YYYY | | Signature of individual signing on behalf of debtor |
| | | | **John Boken** |
| | | | Printed name |
| | | | **Chief Executive Officer** |
| | | | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**OMNIBUS WRITTEN CONSENT
IN LIEU OF MEETINGS OF THE BOARD OF DIRECTORS OR
BOARD OF MANAGERS, AS APPLICABLE, OF MVK FARMCO LLC AND
EACH OF THE COMPANIES SET FORTH ON <u>EXHIBIT A</u> ATTACHED HERETO**

**OCTOBER 13, 2023**

The undersigned being all of the members of the board of directors or board or managers, as applicable (each, an "<u>Authorizing Body</u>," and collectively, the "<u>Authorizing Bodies</u>") of the entities set forth on <u>**Exhibit A**</u> attached hereto (each a "<u>Company</u>," and collectively, the "<u>Companies</u>"), each organized and existing under the laws of Delaware or California, as applicable, as set forth in each Company's limited liability company agreement or charter of incorporation. The Authorizing Bodies hereby take the following actions and adopt the following resolutions pursuant to each Company's bylaws, limited liability company agreement, or such similar operating document and the applicable laws of the State of Delaware or California, as applicable.

**WHEREAS**, the Authorizing Bodies have reviewed and considered the filing of a voluntary petitions for relief for each Company under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "<u>Bankruptcy Code</u>") pursuant to applicable law and in accordance with the requirements of each Company's governing documents and applicable law (the "<u>Restructuring Matters</u>"),

**WHEREAS**, the Authorizing Body of MVK FarmCo LLC, as approved at the meeting held on February 28, 2023, established the special committee (the "<u>Special Committee</u>") comprised solely of disinterested managers with the power and authority to review, evaluate, and recommend strategic and/or financial alternatives in light of each Company's cash flow, liquidity, and general financial condition, including the possibility of seeking financing or undertaking a sale, recapitalization transaction, or any other reorganization or restructuring, including a chapter 11 filing,

**WHEREAS**, the Special Committee having reviewed, analyzed, and considered the materials presented by the Companies' financial and legal advisors, and having had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Companies, hereby recommends to the Authorizing Bodies that it is desirable and in the best interests of the Companies, their creditors, other stakeholders, and other parties in interest, that each Company shall cause to be filed voluntary petitions for relief under the provisions of the Bankruptcy Code,

**WHEREAS**, the Authorizing Bodies have reviewed and considered the recommendation of the Special Committee and the materials presented by the management of the Companies and the Companies' financial and legal advisors, and have had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Companies,

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that, pursuant to the applicable governing documents of each Company, the undersigned do hereby adopt the following resolutions:

### *Chapter 11 Filing*

**RESOLVED**, in the business judgment of the Authorizing Bodies it is desirable and in the best interest of the Companies, their creditors, other stakeholders, and other parties in interest, that the Companies file or cause to be filed voluntary petitions for relief (the "Bankruptcy Petitions") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements in each Company's governing documents and applicable law, hereby consents to, authorizes and approves, the filing of the Bankruptcy Petitions;

**FURTHER RESOLVED**, any manager or other duly appointed officer of the Companies (collectively, the "Authorized Persons"), which shall include the Interim Chief Executive Officer, Chief Financial Officer, General Counsel, any Executive Vice President, or any Senior Vice President, and any successor thereto or any person holding any similar position, shall be, and each of them individually hereby is, authorized and directed for and on behalf of each Company to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory and attorney on behalf of each Company in respect of the Restructuring Matters and/or any persons to whom such Authorized Persons and/or officers delegate certain responsibilities, be, and hereby are, authorized to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of each Company's or any of its subsidiary's businesses.

### *Use of Cash Collateral and Adequate Protection*

**FURTHER RESOLVED**, to the extent applicable to the Companies, in the business judgment of the Authorizing Bodies, it is desirable and in the best interest of the Companies, their creditors, other stakeholders, and other parties in interest to obtain the benefits of the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code ("Cash Collateral"), which is security for certain of the Companies' prepetition secured lenders (the "Prepetition Secured Lenders") under certain credit facilities by and among the Companies, the guarantors party thereto, and the lenders party thereto;

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Prepetition Secured Lenders (the "Adequate Protection Obligations") as documented in a proposed interim order (the "Cash Collateral Order") to be submitted for approval of the Bankruptcy Court;

**FURTHER RESOLVED**, that the form, terms, and provisions of the Cash Collateral Order to which each Company shall be subject, and the actions and transactions contemplated thereby, are authorized and approved in all respects; and each Authorized Person is authorized, empowered, and directed in the name of, and on behalf of, each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Cash Collateral Order;

**FURTHER RESOLVED**, each of the Authorized Persons be, and hereby is, authorized, in the name and on behalf of each Company, to take all such further actions, or cause all such further actions to be taken and to execute and deliver all such further agreements, documents, instruments, certificates recordings, and filings, in the name and on behalf of each Company, as in the determination of such Authorized Person shall be necessary, proper, or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions and to consummate the transactions contemplated thereby, such authority to be conclusively evidenced by the execution of any document or the taking of any such action by such Authorized Person;

**FURTHER RESOLVED**, each of the Authorized Persons be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, each Company to seek authorization and approval to use Cash Collateral pursuant to the Cash Collateral Order, and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, including the Adequate Protection Obligations to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of Cash Collateral in connection with the chapter 11 case, which agreements may require the Companies to grant adequate protection and liens to the Prepetition Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Companies pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

### *Retention of Professionals*

**FURTHER RESOLVED**, each of the Authorized Persons, be, and hereby is, authorized, empowered, and directed to employ on behalf of each Company: (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as bankruptcy counsel; (ii) the law firm of Young Conaway Stargatt & Taylor, LLP as local bankruptcy counsel; (iii) Houlihan Lokey as investment banker; (iv) AP Services, LLC as interim management and restructuring support; (v) Stretto, Inc. as claims and noticing agent; and (vi) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Persons deem necessary, appropriate or advisable (each, a "Professional" and collectively, the "Professionals"); each to represent and assist the Companies in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons, be, and each of them individually hereby are authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention and employment agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain such services; and

**FURTHER RESOLVED**, each of the Authorized Persons, be, and hereby is, authorized, empowered and directed to execute and file, or direct the Company's Professionals to file, all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate or desirable in accordance with these resolutions.

### *Further Actions and Prior Actions*

**FURTHER RESOLVED**, the Companies are hereby authorized to authorize (and each Company hereby authorizes) any direct or indirect subsidiary of each Company or any entity of which such Company or any subsidiary of such Company is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions described in these resolutions or any of the actions authorized in these resolutions, and none of the resolutions contained herein, or action taken in furtherance hereto, shall have or cause an adverse effect on any such subsidiary or such Company's interest therein (including without limitation, any automatic dissolution, divestiture, dissociation, or like event under applicable law);

**FURTHER RESOLVED**, in addition to the specific authorizations heretofore conferred upon such Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of each Company relating to the Restructuring Matters;

**FURTHER RESOLVED**, each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolution adopted herein;

**FURTHER RESOLVED**, the Authorizing Bodies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of each Company, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Authorizing Bodies; and

**FURTHER RESOLVED**, any Authorized Person be, and each of them hereby is, authorized to do all such other acts, deeds and other things as each Company itself may lawfully do, in accordance with its governing documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such

approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

*       *       *       *       *

[*Signature Page Follows*]

**IN WITNESS WHEREOF**, the undersigned have executed this resolution as of the date first set forth above.

By:_____

Name:  Edward Haft

By:_____

Name:  Theodore Kruttschnitt

By:_____

Name:  Steven Bierschenk

By:_____

Name:  Mark Rodriguez

By:_____

Name:  Aron Schwartz

By:_____

Name:  Lutz Goedde

BEING ALL THE MEMBERS OF THE BOARD OF MANAGERS OF:

**MVK FARMCO LLC**

**IN WITNESS WHEREOF**, the undersigned have executed this resolution as of the date first set forth above.

By:_____
Name:  Edward Haft

By:_____
Name:  Theodore Kruttschnitt

By:_____
Name:  Steven Bierschenk

By:_____
Name:  Mark Rodriguez

By:_____
Name:  Aaron Schwartz

By:_____
Name:  Lutz Goedde

BEING ALL THE MEMBERS OF THE BOARD OF MANAGERS OF:

**MVK FARMCO LLC**

*[Signature Page to Omnibus Filing Resolution]*

**IN WITNESS WHEREOF**, the undersigned have executed this resolution as of the date first set forth above.

By:_____
Name:  Edward Haft

By:_____
Name:  Theodore Kruttschnitt

By:  *Steven C. Bierschenk*_____
Name:  Steven Bierschenk

By:_____
Name:  Mark Rodriguez

By:_____
Name:  Aron Schwartz

By:_____
Name:  Lutz Goedde

BEING ALL THE MEMBERS OF THE BOARD OF MANAGERS OF:

**MVK FARMCO LLC**

**IN WITNESS WHEREOF**, the undersigned have executed this resolution as of the date first set forth above.

By:_____
Name:  Edward Haft

By:_____
Name:  Theodore Kruttschnitt

By:_____
Name:  Steven Bierschenk

By:_____
Name:  Mark Rodriguez

By:_____
Name:  Aron Schwartz

By:_____
Name:  Lutz Goedde

BEING ALL THE MEMBERS OF THE BOARD
OF MANAGERS OF:

**MVK FARMCO LLC**

**IN WITNESS WHEREOF**, the undersigned have executed this resolution as of the date first set forth above.

By:_____
Name:  Edward Haft

By:_____
Name:  Theodore Kruttschnitt

By:_____
Name:  Steven Bierschenk

By:_____
Name:  Mark Rodriguez

By:_____
Name:  Aron Schwartz

By:_____
Name:  Lutz Goedde

BEING ALL THE MEMBERS OF THE BOARD OF MANAGERS OF:

**MVK FARMCO LLC**

**IN WITNESS WHEREOF**, the undersigned have executed this resolution as of the date first set forth above.

By:_____
Name:  Edward Haft

By:_____
Name:  Theodore Kruttschnitt

By:_____
Name:  Steven Bierschenk

By:_____
Name:  Mark Rodriguez

By:_____
Name:  Aron Schwartz

By:_____
Name:  Lutz Goedde

BEING ALL THE MEMBERS OF THE BOARD OF MANAGERS OF:

**MVK FARMCO LLC**

By:_____

Name:  Angelos Dassios

By:_____

Name:  Edward Haft

BEING ALL THE MEMBERS OF THE BOARD
OF DIRECTORS OR BOARD OF MANAGERS,
AS APPLICABLE, OF EACH OF:

**WAWONA FARM CO. LLC**
**WAWONA PACKING CO. LLC**
**MVK INTERMEDIATE HOLDINGS LLC**
**GERAWAN SUPPLY, INC.**
**GERAWAN FARMING LLC**
**GERAWAN FARMING SERVICES LLC**
**GFP LLC**
**GERAWAN FARMING PARTNERS LLC**

By:_____
Name:  Angelos Dassios

By:_____
Name:  Edward Haft


BEING ALL THE MEMBERS OF THE BOARD
OF DIRECTORS OR BOARD OF MANAGERS,
AS APPLICABLE, OF EACH OF:

**WAWONA FARM CO. LLC**
**WAWONA PACKING CO. LLC**
**MVK INTERMEDIATE HOLDINGS LLC**
**GERAWAN SUPPLY, INC.**
**GERAWAN FARMING LLC**
**GERAWAN FARMING SERVICES LLC**
**GFP LLC**
**GERAWAN FARMING PARTNERS LLC**

[*Signature Page to Omnibus Filing Resolution*]

## **Exhibit A**

MVK FarmCo LLC
Wawona Farm Co. LLC
Wawona Packing Co. LLC
MVK Intermediate Holdings LLC
Gerawan Supply, Inc.
Gerawan Farming LLC
Gerawan Farming Services LLC
GFP LLC
Gerawan Farming Partners LLC